### R. M. MOSBY, ASSIGNEE, *v.* HATCHER, PERIN, ET AL.

**Promissory Note—Plea of Payment—Evidence.**
> A plea of payment to a suit on a debt is good which sets up a contemporaneous contract showing that plaintiff had agreed to accept as payment the performance of certain advertising and supplying certain newspapers, which the defendant had performed and supplied.

**Evidence.**
> Where an action at law is submitted to the judge without a jury, the court's finding on the facts will not be reversed unless it be palpably wrong.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

June 20, 1874.

OPINION BY JUDGE LINDSAY:

The answer herein sets up a contract entered into by Hatcher, Perin, *et al.*, with Handy, Hughes & Co., at the time of the execution of the note, by which the payees agreed to accept as part payment thereof, the performance of certain advertising, and the supplying to certain subscribers to the Democrat Newspaper, of daily and weekly issues of another city newspaper to the extent of their paid subscriptions to the Democrat. Appellees aver the performance of said contemporaneous undertaking, and ask to be credited by the agreed value thereof, as a payment on their note.

We regard this as a good plea of payment, but if it is not, then it certainly amounts to a set-off. If it be treated as a set-off the judgment is correct, for the want of a reply. If it be treated as a plea of payment, then the proof sufficiently supports it.

Bowman proves the stipulations of the contract. He was advised as to the number of subscriptions appellees agreed to fill, and the amount of advertising they agreed to do. He states that the parties having contracts with the Democrat office, had, up to the date of his deposition, over two and one-half years after the date of the note, made no complaint of the failure of appellees to fill their subscrip-

tions, or to finish their advertising. From their statements it may fairly be inferred that appellees performed their agreement; and they are not to be denied relief because they might have made more satisfactory proof.

But if all had doubts on this subject, we could not reverse on the evidence alone. There was no reason why appellant should sue. The obligors in the note in equity, and the lien of Bars did not give the chancellor jurisdiction of the contest between Mosby and the appellees. The instruction of the action in equity, and its submission to the chancellor, was, in effect, the submission of an action at law to the judge without the intervention of a jury. In such a case the judgment will not be reversed on the facts unless it be palpably wrong. Such is not the case here.

Judgment *affirmed.*

*Fairleigh, for appellant.*
*Bramblett, for appellees.*